UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
OCTAVIA NEWSON,

              Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 17-cv-2918-FB

*Appearances:*
*For the Plaintiff*:
HOWARD OLINSKY, ESQ.
300 South State Street
Syracuse, New York 13202

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Octavia Newson seeks review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. Both parties move for judgment on the pleadings. Newson requests a remand for further proceedings and the Commissioner seeks a dismissal of this action. For the reasons stated below, Newson's motion is granted, the Commissioner's motion is denied.

**I**

Newson filed her applications for benefits on November 20, 2013 and November 28, 2013. She alleged that she became disabled on June 27, 2012. Her

1

applications were denied, and she requested a hearing before an ALJ. After the hearing, the ALJ ruled that Newson was not disabled. The ALJ assigned an RFC of:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant is limited to: frequent pushing and pulling bilaterally; never climbing ladders, ropes, and scaffolds; frequent stooping, reaching overhead and in all other directions, handling, fingering, and feeling bilaterally; and occasional climbing ramps and stairs, crouching, kneeling, crawling, and exposure to vibration.

AR 64. The Appeals Council declined review on March 20, 2017.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If contradictions appear in the record and an ALJ fails to reasonably explain why he or she opted for one interpretation over another, the Commissioner's findings cannot stand. *See, e.g.*, *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

### A. The RFC Determination

Newson challenges the ALJ's findings as to her ability to reach. As relevant to those functional limitations, the ALJ assigned partial weight to the opinion of

2

consultative examiner Dr. John Fkiaras, great weight to the opinion of treating physician Dr. Gus Katsigioris, some weight to the opinion of physical therapist Malgorzata Lis-Cruz, and partial weight to the opinion of consultative orthopedic examiner Dr. Chaim Shtock. Remand is necessary here because the RFC determination as to reaching was not supported by substantial evidence.

A claimant's RFC is the most a claimant can do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.945(a)(1). "[T]he RFC can only be established when there is substantial evidence of each physical requirement listed in the regulations." *Whittaker v. Comm'r of Soc. Sec.,* 307 F.Supp.2d 430, 440 (N.D.N.Y. 2004). While the ALJ need not resolve every conflict in the record, "the crucial factors in any determination must be set forth with sufficient specificity." *Calzada v. Asture,* 753 F.Supp.2d 250, 268–269 (S.D.N.Y. 2010).

Here, the finding that Newson can frequently reach with both arms is not supported by substantial evidence. Significantly, the vocational expert (VE) testified that all available jobs with transferrable skills "require more than occasional reaching." AR. 450. Thus, a finding regarding Newson's ability to reach is essential in determining whether she can perform work in the national economy.

Dr. Katisigiorgis' opinion was vague, which the ALJ admits. It can hardly be deemed an opinion as it simply recommends "Restricted Activities." AR. 370. While

3

treating physician opinions are afforded more weight than consultative opinions, Dr. Katisigiorgis' note is not an opinion, as it fails to address any physical limitations.

"While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source." *Muhammad v. Colvin*, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017) (quotations omitted). Because the ALJ could not have relied on a treating source opinion, the issue is whether the record is clear, and contains useful assessments of Newson's limitations to support the RFC.[1]

Dr. Shtock and Dr. Fkiaris are the only examiners that discussed Newson's physical limitations. Dr. Shtock opined that Newson could frequently reach with her left arm and occasionally reach with her right arm. The ALJ afforded Dr. Shtock's opinion partial weight because his sitting/standing restrictions were unsupported. The ALJ found the rest of Dr. Shtock's opinion to be supported by the record. Without explanation, the ALJ failed to adopt Dr. Shtock's opinion as to reaching.

---

[1] The ALJ mentions that Newson's activities of daily living support the RFC. Normal daily activities done at Newson's own pace do not create substantial evidence alone, in light of the medical evidence. *See George v. Colvin*, No. 7:12-cv-1610, 2014 WL 652930, at *6 (N.D.N.Y. Feb. 19, 2014) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons, and is not held to a minimum standard of performance, as she would be by an employer.")(quoting *Bjornson v. Astrue,* 671 F.3d 640, 647 (7th Cir. 2012))

Dr. Fkiaras did not specifically opine as to Newson's ability to reach. Instead, Dr. Fkiaras stated that Newson had full strength and range of motion in her upper extremities. These medical findings, made two years prior to Dr. Shtock's opinion, clearly contradict Dr. Shtock's finding that Newson had reaching limitations.

It is the ALJ's job to grapple with inconsistencies and develop an incomplete record further. *See Rolon v. Comm'r of Soc. Sec.*, 994 F.Supp.2d 496, 504 (S.D.N.Y. 2014) ("A perceived internal inconsistency about a critical finding is a conflict or ambiguity which requires the ALJ to further develop the record"). Despite not having a treating physician opinion and having contradictory consultative opinions, the ALJ did not further develop the record. Therefore, the ALJ likely relied on the medical records, even though "[m]edical records do not necessarily assess functional abilities; rather, they record, diagnose, and address symptoms." *Perez Garcia v. Berryhill*, No. 3:18-cv-986 (WIG), 2019 WL 2022191, at *4 (D.Conn. May 8, 2019).

Nonetheless, the medical records here are as unclear as the opinions.[2] Newson, on many occasions, had pain, numbness, and restricted range of motion in her upper extremities.[3] On other occasions, Newson had full strength and range of motion in her upper extremities.[4] Three or four treatment notes supporting each side cannot be

---

[2] It is necessary to note that the record contains less than 100 pages of medical records for a period spanning over four years.
[3] AR. 290, 323, 325, 369, 373.
[4] AR. 306-07, 349, 369, 375.

deemed "substantial evidence," considering a more than four-year time period. The Court finds that a "reasonable mind" would not "accept as adequate" such sparse medical evidence as to Newson's ability to reach. *Perales*, 402 U.S. at 401.

Given the contradictory opinions of Dr. Shtock and Dr. Fkairas, and the unclear medical evidence, remand is appropriate to allow the ALJ to fully develop the record and make a proper RFC determination. *See Wilson v. Colvin*, 107 F.Supp.3d 387, 407 (S.D.N.Y. 2015) ("Legal errors regarding the duty to develop the record warrant remand.") (collecting cases); *Hillsdorf v. Comm'r of Soc. Sec.*, 724 F.Supp.2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error.").

## III

Newson's motion is GRANTED, Commissioner's motion is DENIED. The case is remanded for further development of the record.

**SO ORDERED.**

/S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
November 20, 2019