UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OCTAVIA NEWSON,<br><br>                    Plaintiff,<br><br>      -against-<br><br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>                    Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 1:17-CV-2918 (FB) |

*Appearances:*

*For the Plaintiff:*
HOWARD D. OLINSKY
Olinsky Law Group
250 S. Clinton St., Ste. 210
Syracuse, NY 12303

*For the Defendant:*
REBECCA H. ESTELLE
Special Assistant United States
Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York, 11201

**BLOCK, Senior District Judge:**

Following remand from this Court, Plaintiff Octavia Newson ("Plaintiff") received past-due disability benefits from the Social Security Administration ("SSA"). Her counsel, Howard Olisnky ("Olinsky"), now seeks approval of an attorney-fee award of $ $7,943.00.

After this Court ordered remand, it awarded Olisnky $5,854.75 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On March 17, 2025, the SSA issued Plaintiff a Notice of Award ("NOA") announcing that her total past due benefits were $68,572.00 and withholding $9,200.00 to pay a possible attorney-fee request. Dkt. 41-2. Plaintiff's attorney received notice of the award on October 17, 2025, and thirteen days thereafter filed this 42

1

U.S.C. § 406(b) attorney-fee application. *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019) (fourteen-day filing period).

First, the Court must consider whether Olinsky's motion was timely. Typically, an attorney must file an application for fees under § 406(b) within 14 days after the claimant receives notice of any past-due benefits award. *See Sinkler v. Berryhill*, 832 F.83, 85 (2d Cir. 2019). Although Olisnky made the application more than 14 days following the date on the NOA, March 17, 2025, he affirms that he first received the NOA by email on October 17, 2025. Olinsky Aff. ¶ 4, ECF No. 41-1.  Thus, Olinsky's application is timely because it was made within 14 days of his own receipt of the NOA. *See Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing."); *also Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) (tolling application deadline until NOA is issued "and counsel is notified of that award").

Turning to the requested attorney-fee award, the Court determines that $7,943.00 is reasonable under the circumstances. Section 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the claimant is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). As indicated by the NOA, the proposed fee award here does not exceed the 25% cap, and the Court is aware of no evidence of fraud or attorney overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (de facto hourly rate of $1,556.98 was reasonable). Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Finally, because an attorney cannot receive fees under both the EAJA and § 406(b), Olinsky must refund his $5,854.75 EAJA award to the Plaintiff. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Accordingly, the Court approves Olinsky's requested attorney-fee award of $7,943.00 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits. Within five business days of receipt of the § 406(b) fees, Olinsky is ordered to refund the EAJA award of $5,854.75 to Plaintiff and file a declaration stating such on the docket.

**SO ORDERED.**

 /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 17, 2025

3